UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                         )
IN RE APPLICATION OF USA PURSUANT        )      ML No: 19-ml-01276
TO 18 U.S.C. § 3512 FOR ORDER FOR        )
COMMISSIONER'S APPOINTMENT FOR           )
A MONEY LAUNDERING RELATED               )      **Filed Under Seal**
INVESTIGATION                            )
_____)

*Reference:      DOJ Ref. # 182-29919*

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

        The United States of America, moving by and through its undersigned counsel,

respectfully submits under seal this *ex parte* application for an Order, pursuant to 18 U.S.C. §

3512, appointing the undersigned attorney, Teresita B. Mutton, Trial Attorney, Office of

International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor

subsequently designated by the Office of International Affairs), as a commissioner to collect

evidence and to take such other action as is necessary to execute this and any subsequent,

supplemental requests for assistance with the above-captioned criminal matter from Brazil.  In

support of this application, the United States asserts:

RELEVANT FACTS

        1.      The Central Authority Authority of Brazil, the Ministry of Justice, submitted a

request for assistance (the Request) to the United States, pursuant to the Treaty Between the

Government of the United States of America and the Government of the Federative Republic of

Brazil on Mutual Legal Assistance in Criminal Matters, U.S.-Braz., Oct. 14, 1997, S. TREATY

DOC. NO. 105-42 (1998) (the Treaty).  As stated in the Request, 6th Federal Criminal Court in

Brazil is investigating Naji Robert Nahas (Nahas) for money laundering, passive corruption, and active corruption, between in or about 2002 and 2006, in violation of the criminal law of Brazil, specifically, Article 1(4) of Law 9.613/1998 and Article 317 and 333 of the Brazilian Criminal Code.  Under the Treaty, the United States is obligated to assist in response to the Request.

2.      According to Brazilian authorities, in or about 2002, Brazilian taxpayer Naji Robert Nahas (Nahas) used his connections with the Brazilian government to obtain favorable treatment from the Brazilian National Telecommunications Agency (ANATEL) and the Anti-trust Agency (CADE) for the Italian tele-communications provider Telecom Italia Public (Telecom Italia.)  Evidence gathered over the course of the investigation, including witness interviews and electronic communications, indicate that Nahas convinced officials at both ANTAEL and CADE to allow Telecom Italia to win a contract to control a block of Brasil Telecom on a temporary basis, despite being the parent company of Brasil Telecom's primary competitor on the telecommunications market, TIM Brasil.  Such control had been previously rejected by CADE given the anti-trust concerns.

3.      In a statement given to Italian authorities, copies of which were obtained by Brazilian authorities, Telecom Italia employee Fabio Ghioni admitted that Telecom Italia gave Nahas approximately US$5.4 million to use to bribe Brazilian public officials in order to secure Telecom Italia control of Brasil Telecom.  In order to legitimize the transfer of these funds, Ghioni also admitted that Nahas entered into a consultancy agreement with Telecom Italia.

4.      Over the course of their investigation, Brazilian authorities obtained a copy of an invoice addressed to Telecom Italia from Nahas for "the provision of consultancy services . . . rendered outside the Republic of Italy" for US$100,000.  The invoice directed Telecom Italia to forward payment to account number XX1070, held at Bank Audi in New York in the name of his

son, Robert Naji Nahas.

5.      Moreover, financial records obtained from Italian authorities who conducted an audit of Telecom Italia's bank accounts in Italy reveal that between on or about July 2, 2002 and October 31, 2006, Telecom Italia transferred €35,218,811.74 (US$45,002,596) to Audi Bank account number XX1070, which was registered to Nahas son Robert Naji Nahas.  Brazilian authorities confirmed that neither Nahas nor his son declared this transfer to Brazilian authorities, in violation of Brazilian law.  Brazilian authorities note that given Nahas's illegitimate "consultancy" agreement with Telecom Italia, this transfer likely represented funds Nahas later used to bribe public officials in Brazil.

6.      To further the investigation, Brazilian authorities have asked U.S. authorities to provide bank records pertaining to account number XX1070 held at Audi Bank in the name or for the benefit of Robert Naji Nahas.

## LEGAL BACKGROUND

7.      A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl. 2.  The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it."  United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted).  To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

8.      The United States and Brazil entered into the Treaty to promote more effective judicial cooperation and assistance between the parties in criminal matters.  See Treaty, pmbl. The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, records, and executing searches and seizures.  Article 1(2).  In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Article 5 ("The Courts of the Requested State shall issue subpoenas, search warrants, or other orders necessary to execute the request.").

9.      When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

> *                            *                            *

> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

> *                            *                            *

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

4

10.     Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2]  This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

11.     An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R.

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. *See* 18 U.S.C. § 3512(a)(1)--(b)(1). In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. 18 U.S.C. § 3512(a)(1).

12.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents. The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena." Any such subpoena may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f). A sample "Commissioner's Subpoena" is included as Attachment A.

## REQUEST FOR ORDER

13.     The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," the Ministry of Justice, the designated Central Authority in Brazil and seeks assistance in the investigation of money laundering, passive corruption, and active corruption – criminal offenses in Brazil. The

requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records, falls squarely within that contemplated by Section 3512 and the Treaty.  Finally, this application was properly filed in the District of Columbia.

14.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.  The Treaty itself contemplates the need for confidentiality with respect to all aspects of the execution of a request.  Specifically, Article 5(5) provides that: "The Requested State shall use its best efforts to keep confidential a request and its contents if such confidentiality is requested by the Central Authority of the Requesting State."  In this matter, Brazil has asked the Government to keep the Request confidential.

15.     When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients.  This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance.  Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to

collect the evidence requested without notice to any person other than the recipient(s) of any given commissioner subpoena.

16.     Similarly, because Brazil seeks assistance during a criminal investigation and has specifically asked the Government to keep the Request confidential, this Court should authorize the commissioner to order subpoena recipient(s) not to notify any person of the commissioner's subpoena and its contents, and issue an order sealing the Government's application and the Court's Order.  The confidentiality provision of the Treaty and Brazil's request that this matter remain confidential, as well as Section 3512(a), which authorizes the court to issue "such orders as may be necessary to execute a [foreign] request," provide the basis for the issuance of such orders.  See generally In re Letter of Request from the Government of France, 139 F.R.D. 588, 592 (S.D.N.Y. 1991) (secrecy in executing foreign request is "essential to protect the French Court's criminal investigation").  In this case, such orders would be appropriate because the Request relates to an ongoing criminal investigation in Brazil.  Disclosure of the investigation could provide the subject of the investigation with an opportunity to destroy records or other physical evidence in his or her possession and could seriously jeopardize the investigation.  It could also give the subject an opportunity to flee, change patterns of behavior, or notify confederates.

17.     Further, the request as to both notice and sealing is reasonable.  As explained above, this Request concerns an ongoing criminal investigation pursuant to foreign law in the requesting country.  Foreign investigations are often lengthy and the Government does not have ready access to the status of such investigations.  In addition, the Government will need to serve the commissioner subpoena(s) on the relevant persons and/or entity, obtain the responsive documents, resolve any issues or questions regarding the production, and send the documents to

the appropriate Authority in Brazil.  The appropriate authority in Brazil will then have to provide

the documents, which may have to be translated, to the prosecutor and/or investigator assigned to

the particular matter, who will need time to review the information provided and pursue any

investigative leads and, possibly, seek additional evidence prior to disclosure of the specific

assistance sought by Brazilian authorities.

18.     Therefore, the United States respectfully requests that this Court issue the

attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Teresita B.

Mutton, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently

designated by the Office of International Affairs) as a commissioner, authorizing the undersigned

to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to

collect the evidence necessary to execute any pending request for assistance and any subsequent

supplemental requests in connection with the same matter, to do so in a manner consistent with

the intended use of the evidence and authorizing the undersigned to order the relevant persons

and/or entity not to notify any person of the commissioner's subpoena and its contents for a period of two years from the Court's Order, and sealing this application and the Court's Order, until otherwise issued by the Court.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____
Teresita B. Mutton
Trial Attorney
District of Columbia Bar Number 983152
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C.  20530
(202) 305-4243 telephone
Teresita.Mutton@usdoj.gov

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                    )
IN RE APPLICATION OF USA PURSUANT        )
TO 18 U.S.C. § 3512 FOR ORDER FOR           )
COMMISSIONER'S APPOINTMENT FOR        )
*[Insert Nature of Case/Investigation]*              )
                                                                    )
_____)

*Reference:*        *[Insert DOJ#]*
**(*Please repeat when responding.*)**

<u>COMMISSIONER'S SUBPOENA</u>

TO: *[Insert Name of Entity]*

I, Commissioner *[Insert Attorney Name]*, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this Court's Order signed on *[Insert Date]*, for the purpose of rendering assistance to *[Insert Country]*, command that you provide the following documents regarding (an) alleged violation(s) of the laws of *[Insert Country]*; specifically, *[Insert Name of Offense(s)*, in violation of Section *[Insert Number]* of the *[Insert Country Adjective] [Criminal][Penal]* Code.

Provide records to International Affairs Specialist *[Insert Name]* by emailing them to *[Insert Email Address]* or by mailing via FedEx either a paper copy of the records or any commonly used digital storage device loaded with the files to the following mailing address by _____, 20__: *[Insert IAS Name, Mailing Address, Email Address, and Telephone Number]*

Pursuant to the Court's Order signed on _____, 20__, no notice of this subpoena or its contents is to be given to any person unless otherwise authorized to do so by the Court, except that _____ may notify *[its/his/her/their]* attorney for the purpose of obtaining legal

advice.

For failure to provide records or for disclosure of the existence of the subpoena, you may

be deemed guilty of contempt and liable to penalties under the law.

Date: _____

                                        _____
                                        COMMISSIONER
                                        *[Insert Name]*
                                        Trial Attorney
                                        Office of International Affairs
                                        Criminal Division, Department of Justice
                                        1301 New York Avenue, N.W., Suite 800
                                        Washington, D.C. 20530
                                        (202) *[Insert Number]*
                                        *[Insert Email Address]*